**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4998**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

CRYSTAL HOFFMAN,

            Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Joseph R. Goodwin,
Chief District Judge.  (2:09-cr-00080-1)

Submitted:  May 24, 2010            Decided:  June 14, 2010

Before MOTZ, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Christian M. Capece, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.  Charles T.
Miller, United States Attorney, Joshua C. Hanks, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Crystal Nichole Hoffman pled guilty, pursuant to a plea agreement, to one count of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). At sentencing, the district court overruled her objection to the drug quantity attributed to her in the presentence report and concluded that she was responsible for at least 500 grams of cocaine. The court sentenced Hoffman to forty-two months of imprisonment, and she timely appealed. On appeal, Hoffman argues that the district court clearly erred in finding that she was responsible for at least 500 grams of cocaine. She asserts that the evidence supported a conclusion that she personally consumed at least half the cocaine she purchased, and that cocaine personally consumed was not relevant conduct to the distribution offense of conviction. We affirm.

This court reviews the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). Clear error occurs when the court, upon reviewing the record as a whole, is "'left with the definite and firm conviction that a mistake has been committed.'" Easley v. Cromartie, 532 U.S. 234, 242 (2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). "If the defendant objects to a quantity

2

recommended in a presentence report, the district court must make an independent resolution of the factual issues raised by the objection." United States v. Williams, 152 F.3d 294, 300-01 (4th Cir. 1998). The Government must establish the quantity of drugs attributable to a defendant by a preponderance of the evidence and may do so through the introduction of relevant and reliable evidence. United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994).

"Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.12) (2008). "The district court is afforded broad discretion as to what information to credit in making its calculations." United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996) (internal quotation marks omitted). Our review of the record leads us to conclude that the district court did not err in its drug quantity determination.

Accordingly, we affirm Hoffman's sentence. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3